U.S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

APR 17 2025

Ronald E. Dowling, Clerk of Court
By _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF ARKANSAS

Civil Action No. 5:25cv5084-TLB

| | |
|---|---|
| Jeremy Sherland,<br>　　　　Plaintiff, | **COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983** |
| v. | |
| Trevor Hammons, individually and<br>in his official capacity,<br>Matt Durett, individually and<br>in his official capacity,<br>　　　　Defendants. | **JURY TRIAL DEMANDED** |

NOW COMES, Jeremy Sherland, in his private capacity, as the Plaintiff in this case, and files this COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983, not represented by counsel while depending on the jurisprudence demonstrated in *Haines v Kerner*, 404 U.S. 519 (1972) with reference to this document.

## INTRODUCTION/ STATEMENT

1)    This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress the violation of Plaintiff Jeremy Sherland's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was subjected to an

Page **1** of **4**

unlawful arrest and malicious prosecution without probable cause, in violation of clearly established constitutional rights.

2)    This action is further supported by foundational Supreme Court decisions including:

- *Thompson v. Clark*, 596 U.S. ___ (2022), holding that a plaintiff need only show that a prosecution ended without a conviction to support a § 1983 malicious prosecution claim.
- *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), establishing that excessive force under the Fourth Amendment is judged by an objective reasonableness standard.
- *Monell v. Department of Social Services,* 436 U.S. 658 (1978), which allows municipal liability under § 1983 for constitutional violations caused by policies, practices, or customs.
- *City of Canton v. Harris,* 489 U.S. 378 (1989), which permits municipal liability where failure to train amounts to deliberate indifference.
- *Rizzo v. Goode*, 423 U.S. 362 (1976), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), establishing supervisory liability under § 1983 when supervisors are deliberately indifferent or directly involved.

## JURISDICTION AND VENUE

3)    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district.

## PARTIES

4)    **Plaintiff** Jeremy Sherland is a resident of Washington County, Arkansas with a mailing address of 845 Via Drago Avenue, Apartment B, Springdale, Arkansas, 72762.

5)   **Defendant** Trevor Hammons is a law enforcement officer employed by the City of Tontitown Arkansas, Tontitown Arkansas Police Department, acting under color of state law, with a mailing address of 235 E Henri de Tonti Blvd., Tontitown, AR 72762.

6)   **Defendant** Matt Durett, acting in the capacity of a prosecuting attorney, is a supervisory or policymaking official within Washington County, Arkansas, which includes the City of Tontitown Arkansas, with a mailing address of 280 N College Ave # 301, Fayetteville, AR 72701.

## FACTUAL ALLEGATIONS

7)   On April 20, 2023, Plaintiff was arrested by Defendant Trevor Hammons, and other unknown agents of the Tontitown Arkansas Police Department under the supervision and instruction of Matt Durrett acting as a Prosecuting Attorney for Washington County, Arkansas. (See Documentary Exhibit 1 filed for record)

8)   Plaintiff was arrested, and jailed without an arrest warrant or probable cause statement when no exigent circumstances existed.

9)   The charges were subsequently dismissed, the plaintiff was released from jail, all prosecution stopped, and no conviction resulted.

10)   These actions were undertaken with malice, without reasonable suspicion or justification, (there was no statutory violation to support any arrest) in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

11)   The conduct of the Defendants reflects official and individual malice, wrongdoing, as well as policy failures consistent with the standards for municipal liability articulated in *Monell* and *Canton supra*.

## CLAIM AND DEMAND FOR RELIEF

12)   Plaintiff realleges and incorporates all preceding paragraphs.

13)   Plaintiff claims that the Defendants, acting under color of State law, violated Plaintiff's Fourth and Fourteenth Amendment rights entitling plaintiff to the relief sought in this complaint.

14)   Plaintiff also asserts Matt Durrett held a supervisory position with Washington County Arkansas, and asserts liability attaches consistent with *Rizzo v. Goode* and *Ashcroft v. Iqbal supra*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for:

a. Compensatory and punitive damages, to be determined at trial;

b. Costs and attorneys' fees under 42 U.S.C. § 1988, to be determined at trial;

c. Any other relief the Court deems just and proper.

Jeremy Sherland
845 Via Drago Avenue, Apartment B
Springdale, Arkansas   72762
Phone (479) 408-2446
Email: Jzztsherland@gmail.com

Page **4** of **4**