**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**JEREMY SHERLAND**                                                                                                  **PLAINTIFF**

**v.**                                          **Case No. 5:25-cv-05084-TLB**

**TREVOR HAMMONS and
MATTHEW DURRETT**                                                                              **DEFENDANTS**

**DEFENDANT MATTHEW DURRETT'S BRIEF IN SUPPORT OF
<u>MOTION TO DISMISS</u>**

**I. INTRODUCTION AND BACKGROUND**

Plaintiff, Jeremy Sherland, filed his *pro se* complaint April 17, 2025 pursuant to 42 U.S.C. § 1983. DE 2. He alleges that Separate Defendant Matthew Durrett violated his Fourth and Fourteenth Amendment rights. DE 2, at 1. Sherland specifically claims that on April 20, 2023, he was subjected to an unlawful arrest and malicious prosecution. DE 2, at 2–3. He brings his claims against Durrett in both his official and individual capacity. DE 2, at 1.

Separate Defendant Durrett is the former Prosecuting Attorney for the Fourth Judicial District in the State of Arkansas.[1] At all times relevant to the complaint, Durrett was acting in his role as prosecuting attorney. *See* DE 2, at 3.

Sherland alleges that officers of the Tontitown Police Department arrested him without any probable cause, all under the supervision of Durrett. Sherland further alleges that the "actions were undertaken with malice, without reasonable suspicion or justification . . . ." DE 2, at 3. Finally, Sherland alleges that after he was "arrested, and jailed without an arrest warrant" he was released

---

[1] Durrett became a Circuit Court Judge in January 2025.

from jail and all prosecution stopped. DE 2, at 3. No conviction resulted from Sherland's arrest. *Id.*

Sherland's claims must fail as a matter of law for multiple reasons. First, Sherland fails to state sufficient facts that entitle him to relief or that overcome qualified immunity. Second, Durrett is entitled to absolute immunity. Third, in his official capacity, Durrett is entitled to sovereign immunity.

## II. LEGAL STANDARD

A party may move to dismiss when there is a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a party must provide a "short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations in a complaint are assumed true and all reasonable inferences are drawn in the plaintiff's favor, but a court does not need to "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

The factual allegations of a complaint must provide "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' . . . will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). In other words, Rule 8 has a pleading standard that requires "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678.

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, [courts] hold 'a pro se complaint, however inartfully pleaded, ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The complaint, however, must allege specific facts to support its conclusions. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

**A. Plaintiff Sherland fails to state sufficient facts that entitle him to relief.**

#### 1. Unlawful arrest claim

The Fourth Amendment to the United States Constitution provides that a person is "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV. Thus, an arrest is unlawful unless it is supported by probable cause. *See Nieters v. Holtan*, 83 F.4th 1099, 1105 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 1349 (2024).

There is probable cause to make a warrantless arrest "when the totality of the circumstances at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Nieters*, 83 F.4th at 1105 (cleaned up). Additionally, "[i]n the wrongful arrest context, officers are entitled to qualified immunity if they arrest a suspect under the mistaken belief that they have probable cause to do so, provided that the mistake is objectively reasonable." *Copeland v. Locke*, 613 F.3d 875, 880 (8th Cir. 2010) (quoting *Baribeau v. City of Minneapolis*, 596 F.3d 465, 478 (8th Cir. 2010)).

Here, Sherland fails to plead sufficient facts to state a prima facie case for an unlawful arrest. At the top level, Sherland never claims that Durrett arrested him. Without an allegation that Durrett arrested Sherland, there can be no unlawful arrest, and his claim should be dismissed for

3

that reason alone. It appears that Sherland's unlawful arrest claim would only relate to supervisory liability, which is discussed below. Sherland claims he "was arrested, and jailed without an arrest warrant or probable cause statement when no exigent circumstances existed." DE 2, at 3. Simply stating that there was a lack of probable cause is a legal conclusion. Sherland provides no facts surrounding his arrest or facts showing there was a lack of probable cause. That is not enough under the pleading standard under the Federal Rules of Civil Procedure, and his claim should be dismissed.

While Sherland does attach some police reports to the complaint, he fails to incorporate the attachments. DE 2-1.  Sherland references the reports in paragraph seven, but it appears that the citation is to support his supervisory liability claim, which is discussed below. Accordingly, because Sherland did not incorporate or pull any facts from the reports to state facts, his claims should be dismissed. Even if the reports are considered incorporated into the factual allegations of the complaint, the reports outline the probable cause that the officers had to arrest Sherland. Additionally, even if the facts were false in the report, it displays that there was arguable probable cause based on what was reported to the prosecutor's office, thus entitling Durrett to qualified immunity because Sherland never alleges that Durrett knew the allegations were false or alleges facts that his actions were objectively unreasonable. *See Nieters*, 83 F.4th at 1105–06 (discussing arguable probable cause).

### 2. *Malicious prosecution claim.*

The Supreme Court of the United States has recognized that a Fourth Amendment malicious prosecution claim may be actionable under § 1983. *Thompson v. Clark*, 596 U.S. 36, 42 (2022) (discussing malicious prosecution as a constitutional violation and how it relates to an unreasonable seizure). To state a claim for malicious prosecution, the plaintiff must allege:

> (i) the suit or proceeding was "instituted without any probable cause; (ii) the motive in instituting the suit was malicious, which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution terminated in the acquittal or discharge of the accused.

*Id.* at 44. The Supreme Court, however, has not decided whether a showing of malice is required in addition to the other elements. *Id.* at n.3.

Here, Sherland failed to plead sufficient facts to state a valid malicious prosecution claim. First, he fails to allege any acts other than the fact that he was arrested and that prosecution stopped at some point. DE 2, at 3. He also alleges there was no probable cause. DE 2, at 2–3. Sherland never states what charges were filed, what events led up to the arrest, where the charges were filed, or that Durrett was even the prosecutor that brought the charges against him in a court of law. Instead, all that is stated is that there was no probable cause, which is a legal conclusion. Facts are needed to make a determination on probable cause. *See Klein v. Steinkamp*, 44 F.4th 1111, 1115 (8th Cir. 2022) ("The absence of probable cause, therefore, is an essential element of a claim alleging malicious prosecution . . . If there was probable cause for [the defendant] to arrest [the plaintiff], then [plaintiff]'s malicious prosecution claims fail as a matter of law."). Furthermore, the same probable cause discussion from above would be applicable here as well. Because Sherland failed to plead enough facts regarding his claim, it should be dismissed.

### 3. Supervisor liability claims.

Sherland also alludes to supervisory liability. DE 2, at 4 ("Plaintiff also asserts Matt Durrett held a supervisory position with Washington County Arkansas, and asserts liability attaches consistent with *Rizzo v. Goode* and *Ashcroft v. Iqbal supra*."). "A supervising officer may be liable for the actions of . . . subordinates when he (1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and

(3) failed to take sufficient remedial action; (4) proximately causing injury to the plaintiffs." *Sturgeon v. Faughn*, 36 F.4th 804, 809 (8th Cir. 2022) (cleaned up).

In this case supervisory liability is not applicable. In the State of Arkansas, prosecutors are elected by the electors of each judicial district. Ark. Const. amend. 80, § 20. Washington County, Arkansas, is part of the Fourth Judicial Circuit. Ark. Const. art. 18. In contrast, the Arkansas General Assembly is tasked with the "organization of cities . . . ." Ark. const. art. 12, § 3. Thus, Durrett's duties as a prosecutor derive from the Arkansas Constitution, while Tontitown's powers derive from the General Assembly. As much, prosecutor's and municipalities are separate entities, showing that Durrett does not have supervisory powers over the Tontitown police force under Arkansas law. While the two may work in conjunction with one another, neither is responsive to the other. Therefore, there cannot be supervisory liability.

**B. Durrett is entitled to absolute immunity.**

Prosecutors are immune in a suit for damages under § 1983 when initiating a prosecution. *Imbler v. Pachtman*. 424 U.S. 409, 431 (1976). Prosecutorial immunity applies when the prosecutor's "activities were intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Prosecutors enjoy absolute immunity in their review of and decisions to charge a violation of the law."). Simply alleging improper motive while performing prosecutorial functions is not sufficient to overcome the absolute immunity. *Sample*, 836 F.3d at 916. The immunity even applies to "knowingly present[ing] false, misleading, or perjured testimony ... or with[olding] or suppress[ing] exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (quoting *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006)).

Here, Durrett is entitled to prosecutorial immunity under the facts pled. Sherland states that Durrett was "acting in the capacity of a prosecuting attorney . . . ." DE 2, at 3. Additionally, Sherland alleges that "[t]he charges were subsequently dismissed, the plaintiff was released from jail, *all prosecution stopped*, and no conviction resulted." DE 2, at 3 (emphasis added). By Sherland's own allegations, it shows that Durrett was acting within his role of prosecuting attorney, and those actions were associated with the judicial phase of the criminal process. Furthermore, Sherland's conclusory allegation that the actions were taken with malice is of no consequence because such an allegation is not sufficient to overcome the immunity. *See Sample*, 836 F.3d at 916. Because Sherland has not pled facts sufficient to overcome prosecutorial immunity, this case should be dismissed.

## C. Durrett is entitled to sovereign immunity in his official capacity.

A suit against Durrett in his official capacity operates as a suit against the State of Arkansas, and that triggers the protections of sovereign immunity. Although the Eleventh Amendment does not explicitly bar suits against a state by a citizen of the same state, "[the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662 (1974) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). Any claim seeking funds paid by the state treasury is barred by the Eleventh Amendment. *Id*. at 663. Regarding claims raised under 42 U.S.C. § 1983, the Supreme Court held that a State is not a "person" as States are protected by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). The protection of the Eleventh Amendment extends to "governmental entities that are considered arms of the State." *Id*. at 70. The State of Arkansas and its agencies and officials have

not consented to suit in federal court, and Congress did not abrogate the State's sovereign immunity when it enacted 42 U.S.C. § 1983. *Will*, 491 U.S. at 66–67.

Sherland's claims are barred by sovereign immunity and are not subject to any of its exceptions. In his suit, Sherland seeks monetary damages against Defendants in their official capacities. *See* DE 2, at 1, 4. However, seeking monetary damages against them in their official capacities is the same as seeking damages against the State. Unless an exception to sovereign immunity applies, the State—and thereby Durrett—is protected from liability by sovereign immunity. In this case, Sherland failed to allege any facts to show that the State consented to suit, nor did Congress waive sovereign immunity when it enacted 42 U.S.C. § 1983. *Will*, 491 U.S. at 66–67. Additionally, Sherland fails to allege any facts to support the application of any other exception to sovereign immunity. Therefore, this lawsuit, brought pursuant to § 1983, against Durrett, to the extent it is in his official capacity, should be dismissed as a matter of law.

### IV. CONCLUSION

For the reasons stated above, Defendant Matthew Durrett's Motion to Dismiss should be granted.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:   Samuel F. Pollock, AR Bar 2024174
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 301-0186
Fax: (501) 682-2591

Email:  samuel.pollock@arkansasag.gov

*Attorneys for Defendant Matthew Durrett*

## CERTIFICATE OF SERVICE

I, Samuel F. Pollock, hereby certify that on April 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Jeremy Sherland
845 Via Drago Avenue, Apartment B
Springdale, Arkansas 72762

_____
Samuel F. Pollock

9