**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JEREMY SHERLAND**                                                                                      **PLAINTIFF**

**V.**                                            **CASE NO. 5:25-cv-05084-TLB**

**TREVOR HAMMONS, individually**
**and in his official capacity; and**
**MATT DURETT, individually and**
**in his official capacity**                                                                          **DEFENDANTS**

**SEPARATE DEFENDANT TREVOR HAMMONS'**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Comes now Separate Defendant, Trevor Hammons, individually[1], (hereinafter referred to

as "City Defendant"), by and through his attorney, Jenna Adams, and for his Answer to Plaintiff's

Complaint, states:

1.      City Defendant acknowledges Plaintiff is alleging violations under 42 U.S.C §

1983. City Defendant denies that Plaintiff has a viable cause of action for any alleged claims due

to his full and complete denial of any and all wrongdoing alleged.

2.      Paragraph 2 of Plaintiff's Complaint contains legal conclusions, thus, no response

is necessary. To the extent a response is deemed necessary, City Defendant denies each and every

averment contained in paragraph 2 of Plaintiff's Complaint. City Defendant specifically denies

any and all wrongdoing alleged.

3.      Paragraph 3 of Plaintiff's Complaint is jurisdictional in nature, and as such, no

response is necessary. To the extent a response is deemed necessary, City Defendant admits that

venue is proper in this court. City Defendant specifically denies any and all wrongdoing alleged.

---

[1] Upon information and belief, City Defendant in his official capacity has not been served pursuant to Fed. R. Civ. P. 4. Thus, City Defendant is not answering in his official capacity at this time.

1

4.      City Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Complaint, therefore, it is denied. City Defendant specifically denies any and all wrongdoing alleged.

5.      City Defendants admits that Trevor Hammons was a law enforcement officer employed by the City of Tontitown, Arkansas Police Department and was acting under color of law at all times relevant to Plaintiff's Complaint. City Defendant specifically denies any and all wrongdoing alleged.

6.      City Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint, therefore, it is denied. City Defendant specifically denies any and all wrongdoing alleged.

7.      City Defendant admits that Plaintiff was arrested by Tontitown police on April 20, 2023. Tontitown Police Department body camera video from the arrest is attached hereto as Exhibits 1-4.[2] City Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint. City Defendants specifically denies any and all wrongdoing alleged.

8.      City Defendant denies the allegations contained in Paragraph 8 of the Complaint. City Defendant specifically denies any and all wrongdoing alleged.

9.      City Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint, therefore, it is denied. City Defendant specifically denies any and all wrongdoing alleged.

10.     City Defendant denies the allegations contained in Paragraph 10 of the Complaint. City Defendant specifically denies any and all wrongdoing alleged.

---

[2] Exhibits 1-4 are being filed conventionally with the Court.

11. Paragraph 11 of the Complaint contains legal conclusions, thus, no response is necessary. To the extent a response is deemed necessary, City Defendant denies the same due to his complete denial of any and all wrongdoing alleged.

12. City Defendant incorporates and restates its answers to each foregoing paragraph as if set forth word for word.

13. City Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint. City Defendant specifically denies any and all wrongdoing alleged.

14. City Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, therefore, it is denied. City Defendant specifically denies any and all wrongdoing alleged.

15. City Defendant denies that Plaintiff is entitled to the relief requested in his WHEREFORE paragraph of his Complaint. City Defendant specifically denies any and all wrongdoing alleged.

16. City Defendant requests a jury trial on all issues that remain at that time.

17. City Defendant denies each and every allegation not specifically admitted herein.

18. City Defendant reserves the right to plead further upon additional investigation and discovery, to include an amended answer.

## **AFFIRMATIVE DEFENSES**

1. The allegations of the Complaint fail to state facts or a claim upon which relief may be granted.

2. City Defendant is entitled to tort, qualified, good faith, statutory, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including, but not limited to, Ark. Code Ann. § 21-9-301.

3

3. City Defendant asserts that Plaintiff's rights were not violated.

4. Probable cause existed to arrest Plaintiff.

5. City Defendant asserts that Plaintiff's alleged injuries did not occur as a result of any custom, policy or practice of the City of Tontitown.

6. There has been no failure to train or supervise the City of Tontitown.

7. City Defendant asserts any and all affirmative defenses found applicable pursuant to Fed. R. Civ. P. 8(c), including, but not limited to, justification and privilege.

8. As deemed applicable, City Defendant asserts the affirmative defenses of *res judicata*, collateral estoppel, statute of limitations, *Rooker-Feldman*, and *Heck v. Humphrey*.

9. City Defendant asserts all defenses under the Civil Justice Reform Act.

10. City Defendant asserts failure of service and insufficiency of service of process.

11. City Defendant asserts that to the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

12. Punitive damages are not recoverable against a municipality as a matter of law.

13. City Defendant expressly denies that they can be held liable to Plaintiff under the theory of *respondeat superior*.

14. City Defendant specifically reserves the right to amend or supplement this pleading or plead further as defenses become apparent or available during the course of litigation.

WHEREFORE, City Defendants respectfully requests that this Court dismiss Plaintiff's Complaint against him and for all other just and proper relief to which he is entitled.

Respectfully submitted,

**CITY DEFENDANT,**
**Trevor Hammons, individually**


By: /s/ Jenna Adams
JENNA ADAMS, Ark. Bar No. 2015082
P.O. BOX 38
NORTH LITTLE ROCK, AR 72115
TELEPHONE (501) 978-6115
FACSIMILE (501) 978-6558
EMAIL: jenadams@arml.org

## CERTIFICATE OF SERVICE

I, Jenna Adams, hereby certify that on May 6, 2025, I electronically filed the foregoing with the Clerk of the Court, which will send notification of such filing to all CM/ECF participating counsel of record; and I further certify that I mailed the foregoing by U.S. Postal Service, Certified Mail, Return Receipt Requested, to the following non CM/ECF participant:

**_Via Certified Mail and Email_**
Jeremy Sherland
845 Via Drago Ave., Apt. B
Tontitown, AR 72762
jzztsherland@gmail.com


/s/ Jenna Adams
JENNA ADAMS, Ark. Bar No. 2015082