**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JEREMY SHERLAND**                                              **PLAINTIFF**

**V.**                          **CASE NO. 5:25-cv-05084-TLB**

**TREVOR HAMMONS, individually**
**and in his official capacity; and**
**MATT DURETT, individually and**
**in his official capacity**                                     **DEFENDANTS**

**<u>PROTECTIVE ORDER</u>**

The parties stipulate to the Court's entry of the following protective order to govern pretrial discovery in this case:

1. **Confidential Information.** Confidential information is information that is normally kept secret and that derives independent value from being kept secret. Examples of confidential information include social security numbers, medical information, trade secrets, and other confidential research, development, or commercial information.

2. **Designation.** When designating information as confidential, the parties must make every effort to limit claims of confidentiality to specific citations—such as sentences, paragraphs, or pages—rather than entire documents or large page ranges.

   a. To designate documentary information—such as paper or electronic documents but excluding deposition transcripts—as containing confidential information, the producing party must conspicuously mark each page that contains confidential information with the word "CONFIDENTIAL." If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the confidential portion(s) (e.g., by making appropriate markings in the margins).

    b.  To designate an interrogatory answer as confidential, the answering party must insert the word "CONFIDENTIAL" in brackets at the beginning of each answer claimed to contain confidential information.

    c.  To designate all other information or items as confidential, the designating party must conspicuously affix the word "CONFIDENTIAL" to the portion or portions of the information or items that warrants protection under this Order.

If timely corrected, a party's inadvertent failure to designate information or items as confidential does not, standing alone, waive the party's right to secure protection under this Order for such material.

3. **Disputes.** The designating party has the burden to show designated information is confidential, but the receiving party must treat as confidential all designated information until the designating party removes its designation or the Court rules that the information is not confidential. If the parties cannot agree on a designation or otherwise have a dispute arising under this Order, the parties must follow the procedures for resolution of a discovery dispute provided in the case management order.

4. **Dissemination.** Confidential Information shall be used only for the purpose of this litigation. Confidential information may not be given, shown, made available, or communicated to anyone except the following:

    a.  the Court and its staff;

    b.  the parties in this case, including a party's officers, directors, partners, managers, members, employees, and independent contractors;

    c.  counsel of record for any party in this case, including other attorneys and support personnel in counsels' law firms and third parties engaged for litigation support;

    d.  experts and consultants—including their employees, associates, and support staff—retained by a party for the preparation or trial of this case;

    e.  witnesses who may give deposition or trial testimony in this case and to whom disclosure is reasonably necessary;

    f.  court reporters, videographers, and other support staff engaged for depositions;

    g.  the original author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    h.  any other person for whom the designating party provides prior, written consent; and

    i.  any other person as this Court may order.

When giving confidential information to anyone, other than the Court or its staff, the disclosing party must provide the recipient with a copy of this Order and obtain a signed copy of the attached Acknowledgment form from the recipient.

5.  **Filing.**  Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version filed in CM/ECF using the Civil or Criminal RESTRICTED event – Sealed Document. The redacted version of a confidential filing may include, when necessary, slip pages appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. The parties are permitted to file confidential information without further leave of Court. However, in no event shall an entire motion or brief be filed under seal without a corresponding redacted version of the motion or brief also filed on the public docket unless prior leave of Court is sought and granted.

6. **Duration.**  After the final resolution of this case—including any appeals—the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

7. **Return or Destruction of Information.**  Within 60 days of the final resolution of this case—including any appeals—the receiving party must return or destroy and, if applicable, permanently delete from all databases all information designated as confidential. However, counsel of record may retain a copy of any confidential information that has been filed with the Court.

IT IS SO ORDERED on this _____ day of _____, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JEREMY SHERLAND**                                                                                      **PLAINTIFF**

**V.**                                        **CASE NO. 5:25-cv-05084-TLB**

**TREVOR HAMMONS, individually**
**and in his official capacity; and**
**MATT DURETT, individually and**
**in his official capacity**                                                                            **DEFENDANTS**

## PROTECTIVE ORDER ACKNOWLEDGEMENT

I have received information designated as confidential and understand disclosure of this information is governed by the Protective Order entered in this case. I have read the Protective Order, understand it, and agree to be bound by its terms.

I agree not to disclose any information designated as confidential to anyone other than those people to whom disclosure is allowed by the Protective Order. I agree to return or destroy and, if applicable, permanently delete from all databases all information designated as confidential upon the conclusion of my role in this case or 60 days after the final resolution of the case, whichever comes first.

I submit to the jurisdiction of the United States District Court for the Western District of Arkansas in matters relating to the Protective Order. I understand that violating the terms of the Protective Order could expose me to penalties and other punishment for contempt of court.

_____        _____        _____
Printed Name                                         Signature                                                   Date