**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

JEREMY SHERLAND                                                    PLAINTIFF

V.                          CASE NO. 5:25-cv-05084-TLB

TREVOR HAMMONS, individually and in his
official capacity as police officer; MICHAEL CALICO,
individually and in his official capacity as police officer;
PAYTON CAMPBELL, individually and in his official
capacity as police officer; JOHN DOE 1, individually and
in his official capacity as police officer; JOHN DOE 2,
individually and in his official capacity as police officer;
and CITY OF TONTITOWN                                           DEFENDANTS

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Come now, the Defendants, Trevor Hammons, Michael Calico, Payton Campbell, both

individually and officially, and the City of Tontitown (hereinafter referred to as "Defendants"), by

and through their attorney, Jenna Adams, and for their Answer to Plaintiff's Amended Complaint,

states:

1.      Defendants are without sufficient knowledge or information to admit or deny the

allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, therefore, it is denied.

2.      Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Amended

Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Amended

Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Amended

Complaint.

1

5.      Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, therefore, it is denied.

6.      Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, therefore, it is denied.

7.      Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8.      Defendants acknowledge Plaintiff is alleging violations under 42 U.S.C § 1983, the U.S. Constitution, the Arkansas Constitution, and the Arkansas Civil Rights Act. Defendants deny that Plaintiff has a viable cause of action for any alleged claims due to their full and complete denial of any and all wrongdoing alleged.

9.      Paragraph 9 of Plaintiff's Amended Complaint is jurisdictional in nature and contains legal conclusions, thus no response is necessary. To the extent a response is deemed necessary, Defendants admit that this Court has jurisdiction over Plaintiff's claims. Defendants specifically deny any and all wrongdoing alleged.

10.     Paragraph 10 of Plaintiff's Amended Complaint is jurisdictional in nature, and as such, no response is necessary. To the extent a response is deemed necessary, Defendants admit that venue is proper in this court. Defendants specifically deny any and all wrongdoing alleged.

11.     Paragraph 11 of Plaintiff's Amended Complaint states a legal conclusion, thus, no response is necessary. To the extent a response is deemed necessary, Defendants admit that they were acting under color of law at all relevant times alleged in Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

12.     Paragraph 12 of Plaintiff's Amended Complaint state a conclusion of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny that the

2

City can be liable through a theory of *respondeat superior*. Defendants specifically deny any and all wrongdoing alleged.

## FACTS

### A.    Zethen Sherland's Earring and Display at School.

13.    Defendants admit that at the time of the events at issue in this case, Zethen Sherland was a minor. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint, therefore, it is denied.

14.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, therefore, it is denied.

15.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint, therefore, it is denied.

16.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, therefore, it is denied.

17.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, therefore, it is denied.

18.    Defendants admit that they were informed that on April 20, 2023 that Zethen Sherland had told a friend about getting his ear pierced. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Plaintiff's Amended Complaint, therefore, it is denied.

19.    Based on the information that was relayed to Defendants, Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20.     Based upon information that was relayed to Defendants, Defendants admit that a teacher intern reported that she had heard Zethen Sherland telling a friend that Plaintiff had pierced his ear when Plaintiff was drunk and that he had put Zethen in a choke hold. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 20 of Plaintiff's Amended Complaint, therefore, it is denied.

21.     Paragraph 21 of Plaintiff's Amended Complaint contains conclusions of law, thus, no response is necessary. To the extent a response is deemed necessary, Defendants admit that teachers are mandatory reporters, but are without sufficient knowledge or information to admit or deny the remaining allegations, therefore, they are denied.

22.     Defendants admit that on April 20, 2023, at about 5:00 p.m., Officer Ross contacted Defendant Hammons for a welfare check on Zethen Sherland. Defendants admit that Officer Ross reported to Defendant Hammons that a teacher claimed to have heard Zethen Sherland say Plaintiff had pieced his ear when Plaintiff drunk and put Zethen in a choke hold. Defendants admit that they did not interview the teacher who heard this statement or the student to whom the statement was made. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 22 of Plaintiff's Amended Complaint, therefore, it is denied.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

**B.     Plaintiff's Voluntary Encounter With Defendants.**

24.     Defendants admit that officers with the Tontitown Police Department went to Plaintiff's home and met with both Plaintiff and Zethen Sherland.

25.     Defendants admit that Defendants Calico and Campbell were the first officers to arrive at Plaintiff's house. Defendants deny the remaining allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26.     Defendants admit that Defendants Calico and Campbell met and had a conversation with Plaintiff and Zethen Sherland in the driveway. Defendants deny the remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint. Defendants state that Defendant Calico asked Plaintiff is his name was Jeremy, to which Plaintiff responded "yeah." Plaintiff later refused to further identify himself when asked.

28.     Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29.     Defendants admit that in the presence of Plaintiff, Zethen stated that he had wanted the piercing. Defendants deny the remaining allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31.     Defendants state that Zethen Sherland's ear was red and inflamed and could corroborate the information they had received about Zethen's ear being pierced while Plaintiff was drunk and had Zethen in a choke hold. Defendants are without sufficient knowledge or information to admit or deny whether there were no other signs of potential abuse, therefore, it is denied.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

**C.     Plaintiff Exercises His Constitutional Right to End the Voluntary Encounter.**

33.    Defendants admit that Defendant Hammons then arrived at the residence. Defendants deny the remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34.    Defendants admit that Defendant Hammons asked Plaintiff if he had identification. Defendants deny the remaining allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35.    Defendants deny the chain of events as stated. Defendants admit that Defendants asked if they could speak to Zethen separately. Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.    Defendants admit that Plaintiff stated that they could not speak to Zethen without an attorney present. Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37.    Paragraph 37 of Plaintiff's Amended Complaint states a legal conclusion, thus no response is necessary. Defendants specifically deny any and all wrongdoing alleged.

38.    Paragraph 38 of Plaintiff's Amended Complaint states a legal conclusion, thus no response is necessary. Defendants specifically deny any and all wrongdoing alleged.

39.    Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40.    Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41.    Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42.     Paragraph 42 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. Defendants specifically deny any and all wrongdoing alleged.

43.     Paragraph 43 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. Defendants specifically deny any and all wrongdoing alleged.

### D.      Defendants Leave to Figure Out a Way to Arrest Plaintiff

44.     Defendants admit that officers left the residence.

45.     Paragraph 45 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants admit that Plaintiff yelled at the officers, to include obscenities. Defendants state that there were several children playing outside in the area at the time. Defendants deny any and all wrongdoing alleged.

46.     Defendants admit the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint.

47.     Defendants admit the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49.     Paragraph 49 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. Defendants deny any and all wrongdoing alleged.

50.     Paragraph 50 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations due to their complete denial of any and all wrongdoing alleged.

51.     Paragraph 51 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. Defendants deny any and all wrongdoing alleged.

52.    Paragraph 52 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations due to their complete denial of any and all wrongdoing alleged.

53.    Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54.    Defendants admit that former Tontitown officer Keith Lindley gave an interview regarding the arrest. The remaining allegations contained in Paragraph 54 of Plaintiff's Amended Complaint contains conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendants deny the remaining allegations due to their complete denial of any and all wrongdoing alleged.

55.    Defendants admit the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint.

56.    Defendants are without knowledge or information to admit or deny the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint, therefore it is denied. Defendants specifically deny the basis and characterization of the allegations. Defendants specifically deny any and all wrongdoing alleged.

57.    Paragraph 57 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. Defendants specifically deny any and all wrongdoing alleged.

58.    Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59.    Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint.

62. Defendants admit that they did not submit an affidavit for an arrest warrant. Defendants deny any and all wrongdoing alleged.

63. Defendants admit that they did not obtain an affidavit from the teacher who heard the statement. Defendants deny the remaining allegations contained in Paragraph 63 of Plaintiff's Amended Complaint.

64. Defendants admit that they did not obtain an affidavit from the student to whom the statement was made. Defendants deny the remaining allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65. Defendants admit that they did not have an arrest warrant. Defendants deny any and all wrongdoing alleged.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

67. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 67 of Plaintiff's Amended Complaint, therefore, it is denied.

68. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 68 of Plaintiff's Amended Complaint, therefore, it is denied.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.

70.    Paragraph 70 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny the same due to their complete denial of any and all wrongdoing alleged.

**E.    Defendants Unlawfully Intrude Into Plaintiff's Home to Make an Unlawful, Warrantless Arrest.**

71.    Defendants admit that they returned to Plaintiff's residence to arrest him.

72.    Defendants deny the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 73 of Plaintiff's Amended Complaint, therefore, it is denied.

74.    Defendants admit that they did not have an arrest warrant. Defendants deny any and all wrongdoing alleged.

75.    Paragraph 75 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. Defendants specifically deny any and all wrongdoing alleged.

76.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 76 of Plaintiff's Amended Complaint, therefore, it is denied.

77.    Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint.

78.    Defendants admit that they proceeded to arrest Plaintiff despite Zethen's objections. The remaining allegations contained in Paragraph 78 of Plaintiff's Amended Complaint states conclusions of law, thus, no response is necessary. To the extent that a response is deemed necessary, Defendants deny the same due to their complete denial of any and all wrongdoing alleged.

79.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 79, therefore it is denied.

80.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 80, therefore it is denied.

81.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 81, therefore it is denied.

82.     Defendants admit that April 20, 2023 was a Thursday. Defendants deny the remaining allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

84.     Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

85.     Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

86.     Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

87.     Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

88.     Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

89.     Defendants deny the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

90.    Paragraph 90 of Plaintiff's Amended Complaint states a conclusion of law, thus no response is necessary. To the extent a response is deemed necessary, Defendants deny the same. Defendants specifically deny any and all wrongdoing alleged.

91.    Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

92.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint, therefore, it is denied. Defendants specifically deny any and all wrongdoing alleged.

93.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint, therefore, it is denied. Defendants specifically deny any and all wrongdoing alleged.

94.    Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

95.    Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

96.    Defendants are without knowledge or information to admit or deny the allegations contained in Paragraph 96 of Plaintiff's Amended Complaint, therefore, it is denied. Defendants specifically deny any and all wrongdoing alleged.

**F.    The DHS Investigation Quickly Terminated in Plaintiff's Favor**

97.    Defendants are without knowledge or information to admit or deny the allegations contained in Paragraph 97 of Plaintiff's Amended Complaint, therefore, it is denied. Defendants specifically deny any and all wrongdoing alleged.

12

98.     Defendants are without knowledge or information to admit or deny the allegations contained in Paragraph 98 of Plaintiff's Amended Complaint, therefore, it is denied. Defendants specifically deny any and all wrongdoing alleged.

**G.     Defendant City of Tontitown's Policies and
Failure to Train or Supervise.**

99.     Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Amended Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Amended Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Amended Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Amended Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Amended Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Amended Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Amended Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Amended Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Amended Complaint

109.    Defendants deny the allegations contained in Paragraph 109 of Plaintiff's Amended Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Amended Complaint.

## COUNT I

## VIOLATIONS OF THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION

111.    Defendants incorporate and restate their answers to each foregoing paragraph as if set forth word for word.

112.    Paragraph 112 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

113.    Paragraph 113 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

114.    Paragraph 114 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

115.    Defendants admit that they did not obtain a warrant. Defendants deny the remaining allegations contained in Paragraph 115 of Plaintiff's Amended Complaint.

116.    Paragraph 116 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

117.    Paragraph 117 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

118.    Paragraph 118 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

119.    Paragraph 119 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

120.    Paragraph 120 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

121.    Paragraph 121 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

122.    Paragraph 122 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

123.    Paragraph 123 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

124.    Paragraph 124 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

125.    Paragraph 125 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

126.    Defendants deny the allegations contained in Paragraph 126 of Plaintiff's Amended Complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of Plaintiff's Amended Complaint.

128.    Defendants deny the allegations contained in Paragraph 128 of Plaintiff's Amended Complaint due to their complete denial of any and all wrongdoing alleged.

129.    Defendants deny the allegations contained in Paragraph 129 of Plaintiff's Amended Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of Plaintiff's Amended Complaint due to their complete denial of any and all wrongdoing alleged.

## COUNT II

## VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

131.    Defendants incorporate and restate their answers to each foregoing paragraph as if set forth word for word.

132.    Paragraph 132 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

133.    Paragraph 133 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

134.    Paragraph 134 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

135.    Paragraph 135 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

136.    Defendants deny the allegations contained in Paragraph 136 of Plaintiff's Amended Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of Plaintiff's Amended Complaint.

138.    Paragraph 138 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

139.    Paragraph 139 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

140.    Paragraph 140 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

141.    Paragraph 141 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

142.    Paragraph 142 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

143.    Defendants deny the allegations contained in Paragraph 143 of Plaintiff's Amended Complaint.

144.    Defendants deny the allegations contained in Paragraph 144 of Plaintiff's Amended Complaint.

145.    Defendants deny the allegations contained in Paragraph 145 of Plaintiff's Amended Complaint due to their complete denial of any and all wrongdoing alleged.

146.    Defendants deny the allegations contained in Paragraph 146 of Plaintiff's Amended Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of Plaintiff's Amended Complaint due to their complete denial of any and all wrongdoing alleged.

## COUNT III

## VIOLATIONS OF THE FIRST AMENDMENT OF THE U.S. CONSTITUTION

148.    Defendants incorporate and restate their answers to each foregoing paragraph as if set forth word for word.

18

149.     Paragraph 149 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

150.     Paragraph 150 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

151.     Defendants deny the allegations contained in Paragraph 151 of Plaintiff's Amended Complaint.

152.     Defendants deny the allegations contained in Paragraph 152 of Plaintiff's Amended Complaint.

153.     Defendants deny the allegations contained in Paragraph 153 of Plaintiff's Amended Complaint.

154.     Defendants deny the allegations contained in Paragraph 154 of Plaintiff's Amended Complaint.

155.     Defendants deny the allegations contained in Paragraph 155 of Plaintiff's Amended Complaint due to their complete denial of any and all wrongdoing alleged.

156.     Defendants deny the allegations contained in Paragraph 156 of Plaintiff's Amended Complaint.

157.     Defendants deny the allegations contained in Paragraph 157 of Plaintiff's Amended Complaint due to their complete denial of any and all wrongdoing alleged.

## COUNT IV

## ARKANSAS CIVIL RIGHTS ACT

19

158.    Defendants incorporate and restate their answers to each foregoing paragraph as if set forth word for word.

159.    Paragraph 159 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

160.    Paragraph 160 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

161.    Paragraph 161 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

162.    Paragraph 162 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

163.    Paragraph 163 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

164.    Paragraph 164 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

165.    Paragraph 165 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

166.    Paragraph 166 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

167.    Paragraph 167 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

168.    Paragraph 168 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

169.    Paragraph 169 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

170.    Paragraph 170 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

171.    Paragraph 171 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

172.    Paragraph 172 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

173. Paragraph 173 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

174. Paragraph 174 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

175. Paragraph 175 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

176. Paragraph 176 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

177. Paragraph 177 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

178. Defendants deny the allegations contained in Paragraph 178 of Plaintiff's Amended Complaint.

179. Defendants deny that they are liable to Plaintiff pursuant to Ark. Code Ann. § 16-123-105 due to their complete denial of any and all wrongdoing alleged.

180. Defendants deny that they are liable to Plaintiff pursuant to Ark. Code Ann. § 16-123-108 due to their complete denial of any and all wrongdoing alleged.

181. Defendants deny the allegations contained in Paragraph 181 of Plaintiff's Amended Complaint.

## COUNT V

## MALICIOUS PROSECUTION – ARKANSAS STATE LAW

182. Defendants incorporate and restate their answers to each foregoing paragraph as if set forth word for word.

183. Paragraph 183 of Plaintiff's Amended Complaint states conclusions of law, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny any and all wrongdoing alleged.

184. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 184 of Plaintiff's Amended Complaint, therefore it is denied.

185. Defendants deny the allegations contained in Paragraph 185 of Plaintiff's Amended Complaint.

186. Defendants deny the allegations contained in Paragraph 186 of Plaintiff's Amended Complaint.

187. Defendants deny the allegations contained in Paragraph 187 of Plaintiff's Amended Complaint.

188. Defendants deny the allegations contained in Paragraph 188 of Plaintiff's Amended Complaint.

189. Defendants deny the allegations contained in Paragraph 189 of Plaintiff's Amended Complaint.

190. Defendants deny the allegations contained in Paragraph 185 of Plaintiff's Amended Complaint due to their complete denial of any and all wrongdoing alleged.

191. Defendants deny the allegations contained in Paragraph 191 of Plaintiff's Amended Complaint.

192.    Defendants deny the allegations contained in Paragraph 192 of Plaintiff's Amended Complaint.

## COUNT VI

## ABUSE OF PROCESS – ARKANSAS STATE LAW

193.    Defendants incorporate and restate their answers to each foregoing paragraph as if set forth word for word.

194.    Defendants deny the allegations contained in Paragraph 194 of Plaintiff's Amended Complaint.

195.    Defendants deny the allegations contained in Paragraph 195 of Plaintiff's Amended Complaint.

196.    Defendants deny the allegations contained in Paragraph 196 of Plaintiff's Amended Complaint.

197.    Defendants deny the allegations contained in Paragraph 197 of Plaintiff's Amended Complaint.

198.    Defendants deny the allegations contained in Paragraph 198 of Plaintiff's Amended Complaint.

199.    Defendants deny the allegations contained in Paragraph 199 of Plaintiff's Amended Complaint.

200.    Defendants deny the allegations contained in Paragraph 200 of Plaintiff's Amended Complaint.

201.    Defendants deny the allegations contained in Paragraph 201 of Plaintiff's Amended Complaint.

202.    Plaintiff's jury demand speaks for itself. Defendants request a jury trial on all issues that remain at that time.

203.    Defendants deny that Plaintiff is entitled to the relief requested in his WHEREFORE paragraph, including subparts a-f, of his Amended Complaint. Defendants specifically deny any and all wrongdoing alleged.

204.    Defendants deny each and every allegation not specifically admitted herein.

205.    Defendants reserve the right to plead further upon additional investigation and discovery, to include an amended answer.

### AFFIRMATIVE DEFENSES

1.    The allegations of the Complaint fail to state facts or a claim upon which relief may be granted.

2.    Defendants are entitled to tort, qualified, good faith, statutory, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including, but not limited to, Ark. Code Ann. § 21-9-301.

3.    Defendants assert that Plaintiff's rights were not violated.

4.    Probable cause existed to arrest Plaintiff.

5.    Defendants assert that they did not retaliate against Plaintiff as a result of any alleged protected speech.

6.    Defendants assert that Plaintiff's alleged injuries did not occur as a result of any custom, policy or practice of the City of Tontitown.

7.    There has been no failure to train or supervise the City of Tontitown.

8.    Defendants assert any and all affirmative defenses found applicable pursuant to Fed. R. Civ. P. 8(c), including, but not limited to, justification and privilege.

25

9.      As deemed applicable, Defendants assert the affirmative defenses of *res judicata*, collateral estoppel, statute of limitations, *Rooker-Feldman*, and *Heck v. Humphrey*.

10.     Defendants assert that to the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

11.     Punitive damages are not recoverable against a municipality as a matter of law.

12.     Defendants expressly deny that they can be held liable to Plaintiff under the theory of *respondeat superior*.

13.     Defendants specifically reserve the right to amend or supplement this pleading or plead further as defenses become apparent or available during the course of litigation.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint against them and for all other just and proper relief to which they are entitled.

Respectfully submitted,

**DEFENDANTS**

By: /s/ Jenna Adams
JENNA ADAMS, Ark. Bar No. 2015082
P.O. BOX 38
NORTH LITTLE ROCK, AR 72115
TELEPHONE (501) 978-6115
FACSIMILE (501) 978-6558
EMAIL: jenadams@arml.org

26