**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

JEREMY SHERLAND                                                                      PLAINTIFF

V.                                    CASE NO.  5:25cv5084-TLB

TREVOR HAMMONS, individually and in his
official capacity as police officer; MICHAEL CALICO,
individually and in his official capacity as police officer;
PAYTON CAMPBELL, individually and in his official
capacity as police officer; and CITY OF TONTITOWN                 DEFENDANTS

## SECOND AMENDED AND SUBSTITUTED COMPLAINT

COMES NOW the Plaintiff, by and through undersigned counsel, and for his Second

Amended and Substituted Complaint against Defendants, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Jeremy Sherland is a natural person residing in Washington County, Arkansas.

2. Defendant Trevor Hammons is a police officer and an employee of Defendant City of

   Tontitown.

3. Defendant Michael Calico is a police officer and an employee of Defendant City of

   Tontitown.

4. Defendant Payton Campbell is a police officer and an employee of Defendant City of

   Tontitown.

5. Defendant City of Tontitown is a city of the first class located in Washington County,

   Arkansas.

6. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983; the United States Constitution;

   the Arkansas State Constitution; and the Arkansas Civil Rights Act of 1993, Ark. Code

   Ann. § 16-123-101, *et seq*.

1

7.  This Court has subject matter jurisdiction and personal jurisdiction over all Defendants.

8.  Venue is proper in this Court.

9.  Defendants were all acting under color of law at all relevant times discussed below.

10. Defendant City of Tontitown is responsible for the actions of its employees through its own unlawful policies, failure to train, and the non-delegable duty to comply with the United States Constitution and the Arkansas Constitution.

## FACTS

### A.    Zethen Sherland's Earring and Display at School.

11. Plaintiff is the father of Zethen Sherland.  At the time of the events at issue, Zethen Sherland was a minor.  However, Zethan Sherland is now eighteen years old.

12. In 2022, Zethen Sherland requested to have his ear pierced with an earring.  Plaintiff agreed, and Zethen Sherland's ear was pierced in a private residence in Van Buren County, Arkansas.

13. Zethen Sherland began attending Har-Ber High School on January 6, 2023.

14. Zethen Sherland openly wore his earring the whole time he attended Har-Ber High School.

15. The school had a school resource officer who was present on a daily basis, SRO Ross.  SRO Ross personally interacted with Zethen Sherland and observed Zethen Sherland on numerous occasions with the earring.

16. On April 20, 2023, Zethen Sherland attended school.  Around lunchtime, he was having a conversation with a friend and told the friend about getting his ear pierced.

17. Zethen Sherland never said Plaintiff caused the piercing against his will or that his dad was drunk.

18. At some point that afternoon, a teacher reported to DHS that the teacher heard Zethen Sherland say Plaintiff had pierced Zethen Sherland's ear when Plaintiff was drunk and put Zethen Sherland in a choke hold.

19. The teacher's report triggered the DHS investigation procedures pursuant to Ark. Code Ann. 12-8-601, et seq.  It is well known that teachers are mandated reporters.

20. On April 20, 2023, at about 5:00 p.m., Officer Ross contacted Defendant Hammons for a welfare check on Zethen Sherland.  Officer Ross reported to Defendants Hammons that a teacher claimed to have heard Zethen Sherland say Plaintiff had pierced Zethen Sherland's ear when Plaintiff was drunk and put Zethen Sherland in a choke hold.  Upon information and belief, neither SRO Ross nor Defendants ever interviewed the teacher who supposedly heard this statement.  Upon information and belief, neither SRO Ross nor Defendants ever interviewed the other student to whom this statement was supposedly made.

21. The nature of the statement itself should have raised suspicion as to its veracity.  First, it is physically impossible for a middle-aged man (drunk no less) to hold down a 16-year old boy (who would be fighting back) with one arm, and at the same time with the other hand precisely pierce the boy's ear.  Second, Zethen Sherland was clearly and prominently displaying his earring during the several months he attended Har-Ber High School.  It was very clear that the piercing was not new.

### B.    Plaintiff's Voluntary Encounter With Defendants.

22. Defendants met with both Plaintiff and Zethen Sherland at Plaintiff's and Zethen Sherland's residence.

23. Defendants met and had a conversation with Plaintiff and Zethen Sherland in the garage.

24. Plaintiff identified himself to Defendants.

25. Plaintiff and Zethen Sherland explained that the ear piercing happened at Zethen Sherland's request.

26. The piercing occurred at a private residence in Van Buren County, Arkansas.

27. Zethen Sherland explained he had requested the piercing and that Plaintiff never held him down.

28. It was readily apparent to Defendants, upon observation of the pierced ear, that the ear had not been recently pierced.

29. It was readily apparent to Defendants that Zethen Sherland showed no physical signs of abuse.

30. Defendants Calico and Campbell appeared satisfied with the conversation.

### C.    Plaintiff Exercises His Constitutional Right to End the Voluntary Encounter.

31. Defendant Hammons acted aggressively.

32. Defendant Hammons demanded that Plaintiff provide his identification.

33. Defendant Hammons demanded to speak to Zethen Sherland privately.

34. Plaintiff was uncomfortable with Defendant Hammons based upon Defendant Hammons' aggressive behavior. Plaintiff declined to answer further questions.

35. Plaintiff had an established constitutional right to end this voluntary encounter with the Tontitown police.

36. Plaintiff also had an established constitutional right to not provide access to Zethen Sherland as requested by Defendant Hammons.

37. At this point, Defendants had no right of access to Zethen Sherland.  Only DHS had a legal right of access to Zethen Sherland.

38. Defendants were not allowed to ignore exculpatory evidence.

**D.    Defendants Leave to Figure Out a Way to Arrest Plaintiff.**

39. All the officers then left the residence.

40. As they left, Plaintiff exercised his constitutional right to yell at them, including obscenities.  He never used fighting words.

41. Defendants claim they consulted with the prosecuting attorney to get advice upon making the arrest decision.

42. Defendants claim they were advised by the prosecuting attorney to arrest Plaintiff based upon Ark. Code Ann. 17-26-602.

43. Giving legal advice to police during an investigation is not a normal part of prosecutions.

44. A prosecutor cannot substitute his or her judgment for the place of a neutral magistrate.

45. Prosecutorial judgment cannot establish probable cause; Defendants were still required to proceed to get a warrant.

46. The prosecutor's responsibility to law enforcement is inconsistent with the constitutional role of a neutral and detached magistrate.

47. It is also well established that a prosecutor has no power to arrest without a warrant or to direct others to arrest without a warrant.  Any such direction is a legal nullity.

48. Upon information and belief, Defendants failed to inform the prosecuting attorney of exculpatory evidence, namely that Zethen Sherland's ear had clearly not been recently pierced, that Zethen Sherland confirmed he had asked for the piercing and no abuse had occurred, and that the piercing had occurred at a private residence in Van Buren County, Arkansas.

49. Defendant Tontitown's owns agents have publicly admitted the illegal basis for the arrest. Keith Lindley is a detective with the Tontitown Police Department.  Detective Lindley,

speaking on behalf of himself and Defendant City of Tontitown, has publicly admitted that Defendants only concocted the arrest under Ark. Code Ann. 17-26-602 because they had no other means for a warrantless misdemeanor arrest.  This statute is not contained in the criminal code; it is contained in the section of statutes regulating cosmetology and related professions.  It was clearly intended to apply against members of these professions rather than the general public.  Undersigned counsel has not been able to identify any case in Arkansas where someone has actually been charged with this statute.  This statute was unconstitutionally applied in this case because such an interpretation is unconstitutionally vague and leads to arbitrary enforcement as was done in this case.

50. Upon information and belief, Defendants have never before charged anyone under Ark. Code Ann. 17-26-602.

51. Moreover, it has been a common practice for decades for parents to pierce their children's ears. Wal-Mart even sells home ear piercing kits, which are available in Tontitown: https://www.walmart.com/c/kp/home-piercing-kits.  Home ear piercing kits are readily available at other major retailers such as Amazon and Target.  Upon information and belief, Defendants have never before charged any of these retailers or employees as accomplices under one under Ark. Code Ann. 17-26-602.

52. Arkansas law has long recognized a right to privacy in a personal residence, and any law that intrudes upon that right is unconstitutional unless there is a compelling state interest and the statute is the least restrictive method available to carry out that interest. *Jegley v. Picado*, 349 Ark. 600 (2002).  The statute at issue, Ark. Code Ann. 17-26-602, provides no compelling state interest to prevent a parent from piercing their child's ear at home, nor is the statute the least restrictive method to carry out that interest.

53. Defendants knew they were unconstitutionally applying a law against Plaintiff that was never intended for this type of use. This is clearly evidenced by the fact that formal criminal charges were never even filed after Plaintiff's arrest.

54. Defendant Tontitown has an unconstitutional policy that Tontitown police officers may perform a warrantless arrest any time they arrest based upon a felony charge. This unconstitutional policy is in direct contravention of established Arkansas law.

55. Defendant Tontitown has an unconstitutional policy that Tontitown police officers may perform a warrantless arrest any time they believe a crime has been committed, including a nonconsensual entry into a home. This unconstitutional policy is in direct contravention of established Arkansas law. This unlawful policy is even published: https://www.tontitown.com/wp-content/uploads/2018/07/2014-01-457R.pdf. *See* Section 6. B. This policy was specifically adopted by Defendant Tontitown by Resolution No. 2014-01-457R. *Id*.

56. Detective Lindley has also publicly admitted that spending police resources enforcing Ark. Code Ann. 17-26-602 is a waste of such precious resources.

57. Defendants failed to submit an affidavit for an arrest warrant.

58. Defendants failed to obtain an affidavit from the teacher who allegedly heard the statement that turned out to be false. Defendants failed to investigate or obtain additional evidence as to this teacher's trustworthiness.

59. Defendants failed to obtain an affidavit from the student who allegedly heard the statement that turned out to be false. Defendants failed to investigate or obtain additional evidence as to this that student's trustworthiness.

60. Defendants failed to obtain an arrest warrant.

61. Defendants had ample time and opportunity to obtain a warrant.

62. A local judge was available to review and either approve or reject the warrant.

63. The prosecuting attorney never submitted a criminal information to the circuit court.

64. There were no exigent circumstances that prevented Defendants from obtaining an arrest warrant.

65. Ex parte order provisions are provided by Ark. Code Ann. 12-18-609.  No ex parte order was ever sought or obtained.

### E.    Defendants Unlawfully Intrude Into Plaintiff's Home to Make an Unlawful, Warrantless Arrest.

66. Defendants returned to Plaintiff's residence to arrest him.

67.  Defendants forced their way into Plaintiff's residence.

68. Defendants did not have consent to enter Plaintiff's residence.

69. Defendants had no arrest warrant.

70. The initial constitutional violation occurred the moment Defendants unlawfully entered Plaintiff's residence.

71. Zethen Sherland filmed the event.  He is clearly heard stating Plaintiff did nothing wrong. He is begging them not to arrest his father.

72. Defendants were not there to protect Zethen Sherland or to act on his behalf.  Instead, they were there to arrest Plaintiff in relation for exercising his constitutional rights.

73. Defendants proceeded with the arrest despite Zethen Sherland's objections.  The arrest started the criminal proceedings against Plaintiff.

74. Plaintiff was held in custody until he was bonded out.

75. Plaintiff never appeared before a judge.

76. Plaintiff was never formally charged with any crime. The criminal proceeding terminated in Plaintiff's favor.

77. April 20, 2023 was a Thursday. Defendants had every opportunity to wait and interview Zethen Sherland at school the next day.

78. Defendants had every opportunity to have SRO Ross and Har-Ber High School assist in interviewing Zethen Sherland at school.

79. Defendants had every opportunity to interview Zethen Sherland's mother to confirm the statements by Plaintiff and Zethen Sherland.

80. Had Defendants performed even a cursory investigation, they would have readily determined that no crime had been committed in their jurisdiction.

81. Defendants failed to perform a minimal further investigation.

82. Defendants failed to fulfill their responsibility to Plaintiff and Zethen Sherland to conduct a fair investigation.

83. Defendants intentionally and deliberately planned a warrantless felony arrest of Plaintiff. Defendants knew this action would start a criminal proceeding against Plaintiff.

84. Defendants acted maliciously against Plaintiff.

85. Any mistake by Defendants was not objectively reasonable.

86. The criminal proceeding against Plaintiff was instituted without probable cause.

87. The criminal case was terminated in Plaintiff's favor, as charges were never brought against Plaintiff.

88. There are no criminal records regarding this incident in any district court or circuit court in Benton County or Washington County.

89. Plaintiff was arrested, detained, and suffered the humiliation of being treated like a criminal. Defendants deliberately parked far away from Plaintiff's residence so they could parade him through the neighborhood in a humiliating fashion.

90. After Plaintiff was arrested, Defendant Hammons told Zethen Sherland that he could not stay at Plaintiff's residence. Defendant Hammons told Zethen Sherland that he would either have to go into State custody or go to his mom's house. Defendant Hammons had no authority to make this statement.

91. Based upon Defendant Hammons' statements, Zethen Sherland lived with his mother from that point in time until he reached adulthood. None of Defendants ever told Zethen Sherland or Plaintiff that Zethen Sherland could return to Plaintiff's residence.

**F.    The DHS Investigation Quickly Terminated in Plaintiff's Favor.**

92. DHS continued its investigation and found no wrongdoing by Plaintiff.

93. The DHS proceeding was terminated in Plaintiff's favor.

**G.    Defendant City of Tontitown's Policies and Failure to Train or Supervise.**

94. Defendant City of Tontitown had an unconstitutional policy that its employees and police officers are not required to follow clearly established rights under the First, Fourth and Fourteenth Amendments to the U.S. Constitution during investigations, arrests, and seizures.

95. Defendant City of Tontitown had an unconstitutional custom that its employees and police officers are not required to follow clearly established rights under the First, Fourth and Fourteenth Amendments to the U.S. Constitution during investigations, arrests, and seizures.

96. Defendant City of Tontitown had an unconstitutional policy that its employees and police officers are not required to follow clearly established rights under Article 2 of the Arkansas Constitution during investigations, arrests, and seizures.

97. Defendant City of Tontitown had an unconstitutional custom that its employees and police officers are not required to follow clearly established rights under Article 2 of the Arkansas Constitution during investigations, arrests, and seizures.

98. Defendant City of Tontitown acted with deliberate indifference in failing to train its employees and police officers as to clearly established rights under the First, Fourth and Fourteenth Amendments to the U.S. Constitution during investigations, arrests, and seizures.

99. Defendant City of Tontitown acted with deliberate indifference in failing to train its employees and police officers as to clearly established rights under Article 2 of the Arkansas Constitution during investigations, arrests, and seizures.

100.    Defendants acted maliciously, with deliberate falsehood, and with reckless disregard for the truth.

101.    Defendant Tontitown has an unconstitutional policy that Tontitown police officers may perform a warrantless arrest any time they arrest based upon a felony charge.

102.    Defendant Tontitown has an unconstitutional policy that Tontitown police officers may perform a warrantless arrest based upon a felony charge for the purpose of continuing an investigation based on other charges.

103.    Defendant Tontitown has an unconstitutional policy that Tontitown police officers delegate the arrest decision to the prosecuting attorney.

11

104.    Defendant Tontitown has an unconstitutional policy that Tontitown police officers may forcefully enter a private residence to complete a warrantless arrest.

105.    Defendant Tontitown has an unconstitutional policy that Tontitown police officers may remove juveniles from the custody of their parents without a warrant or court order.

## COUNT I

## VIOLATIONS OF THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION

106.    Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein

107.    A warrantless entry into a private residence is presumptively unreasonable under the Fourth Amendment, and the burden is on the State to prove that the warrantless activity was reasonable.

108.    Plaintiff had a right under the Fourth Amendment of the U.S. Constitution to be free from a warrantless entry into his home.  This right was clearly established prior to the conduct at issue in this case.

109.    Neither probable cause nor exigent circumstances existed to permit a warrantless entry into Plaintiff's residence.

110.    Defendants had ample opportunity to obtain a warrant but failed to do so.

111.    Plaintiff had a right under the Fourth Amendment of the U.S. Constitution to not be arrested, searched, or seized without probable cause.  This right was clearly established prior to the conduct at issue in this case.

112.    Plaintiff had a right under the Fourth Amendment of the U.S. Constitution to not be seized on the basis of false evidence. This right was clearly established prior to the conduct at issue in this case.

113.    Plaintiff had a right under the Fourth Amendment of the U.S. Constitution that law enforcement officers had a duty to conduct a reasonably thorough investigation prior to Plaintiff's arrest and prior to criminal proceedings being commenced against Plaintiff. This right was clearly established prior to the conduct at issue in this case.

114.    Plaintiff had a right under the Fourth Amendment of the U.S. Constitution that law enforcement officers cannot ignore plainly exculpatory evidence when making the arrest decision. This right was clearly established prior to the conduct at issue in this case.

115.    Plaintiff had a right under the Fourth Amendment of the U.S. Constitution that law enforcement officers have a duty to conduct a reasonably thorough investigation prior to arresting a suspect. This right was clearly established prior to the conduct at issue in this case.

116.    Probable cause does not exist when a minimal further investigation would have exonerated Plaintiff.

117.    Plaintiff had a right under the Fourth Amendment of the U.S. Constitution that law enforcement officers have a duty to investigate basic evidence prior to arrest. This right was clearly established prior to the conduct at issue in this case.

118.    Plaintiff had a right under the Fourth Amendment of the U.S. Constitution to be free from malicious prosecution. This right was clearly established prior to the conduct at issue in this case.

119.     Plaintiff had a right under the Fourth Amendment of the U.S. Constitution to refuse or terminate a voluntary encounter with the police.  This right was clearly established prior to the conduct at issue in this case.

120.     Plaintiff had a right under the Fourth Amendment of the U.S. Constitution to refuse or terminate a voluntary encounter between the police and his son.  This right was clearly established prior to the conduct at issue in this case.

121.     Defendants' actions violated Plaintiff's established rights under the Fourth Amendment of the United States Constitution.

122.     Plaintiff has suffered damages as a result of Defendants' deprivation of Plaintiff's constitutional rights, including loss of liberty and loss of dignity.

123.     Plaintiff is entitled to recover actual damages, compensatory damages, presumed damages, and nominal damages.

124.     Defendants acted with evil motive and intent, as well as reckless and callous indifference to Plaintiff's federal constitutional rights.  Plaintiff is entitled to an award of punitive damages.

125.     Plaintiff is entitled to an award of attorney's fees pursuant to 42 USC 1988.

## COUNT II

## VIOLATIONS OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION

126.     Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

127.     Plaintiff had a right under the Fourteenth Amendment of the U.S. Constitution to obtain a fair criminal proceeding.  This right was clearly established prior to the conduct at issue in this case.

128.    Plaintiff had a right under the Fourteenth Amendment of the U.S. Constitution to obtain a fair criminal proceeding before being denied his liberty.  This right was clearly established prior to the conduct at issue in this case.

129.    Plaintiff had a right under the Fourteenth Amendment of the U.S. Constitution to not have false evidence used against him as the basis for a criminal proceeding.  This right was clearly established prior to the conduct at issue in this case.

130.    Plaintiff had a right under the Fourteenth Amendment of the U.S. Constitution to not have false testimony used against him as the basis for a criminal proceeding.  This right was clearly established prior to the conduct at issue in this case.

131.    Defendants intentionally and recklessly failed to investigate the allegations made against Plaintiff.   This failure violated Plaintiff's rights and shocks the conscience.

132.     Defendants purposefully ignored evidence suggesting Plaintiff's innocence, most particularly that the (1) the ear piercing was clearly not new; (2) Zethen Sherland himself stated he asked for the piercing; and (3) the piercing occurred outside the jurisdiction of Defendants and any court in Benton County or Washington County.

133.    Plaintiff had a right under the Fourteenth Amendment of the U.S. Constitution to refuse or terminate a voluntary encounter with the police.  This right was clearly established prior to the conduct at issue in this case.

134.    Plaintiff, as a parent, had a right under the Fourteenth Amendment of the U.S. Constitution to make decisions concerning the care, custody, and control of his children. This right was clearly established prior to the conduct at issue in this case.

15

135. Plaintiff, as a parent, had a right under the Fourteenth Amendment of the U.S. Constitution to access to his children. This right was clearly established prior to the conduct at issue in this case.

136. Plaintiff, as a parent, had a right under the Fourteenth Amendment of the U.S. Constitution to raise his children without undue interference from the government. This right was clearly established prior to the conduct at issue in this case.

137. Plaintiff had a right under the Fourteenth Amendment of the U.S. Constitution to refuse or terminate a voluntary encounter between the police and his son. This right was clearly established prior to the conduct at issue in this case.

138. Defendants' actions violated Plaintiff's established rights under the Fourteenth Amendment of the United States Constitution.

139. Plaintiff has suffered damages as a result of Defendants' deprivation of Plaintiff's constitutional rights, including loss of liberty and loss of dignity.

140. Plaintiff is entitled to recover actual damages, compensatory damages, presumed damages, and nominal damages.

141. Defendants acted with evil motive and intent, as well as reckless and callous indifference to Plaintiff's federal constitutional rights. Plaintiff is entitled to an award of punitive damages.

142. Plaintiff is entitled to an award of attorney's fees pursuant to 42 USC 1988.

## COUNT III

## VIOLATIONS OF THE FIRST AMENDMENT OF THE U.S. CONSTITUTION

143.  Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

144.  Plaintiff had a right under the First Amendment of the U.S. Constitution to be free from retaliation for exercising a constitutional right.  This right was clearly established prior to the conduct at issue in this case.

145.  Plaintiff was engaged in several activities protected by the U.S. Constitution, including (1) enjoying the privacy of his home; (2) choosing to terminate a voluntary police encounter with himself and his son; (3) making decisions regarding his son; (4) having access to his son; and (5) speaking against the police without using fighting words.

146.  Defendants took an adverse action against Plaintiff that would chill a person of ordinary firmness from continuing in the activity.  Defendants had Plaintiff arrested and thrown in jail on entirely meritless accusations without a warrant.

147.  The adverse action was motivated entirely by Plaintiff's exercise of his constitutional rights.

148.  Defendants' actions violated Plaintiff's established right under the First Amendment of the United States Constitution to be free from retaliation.

149.  Plaintiff has suffered damages as a result of Defendants' deprivation of Plaintiff's constitutional rights, including loss of liberty and loss of dignity.

150.  Plaintiff is entitled to recover actual damages, compensatory damages, presumed damages, and nominal damages.

151.  Defendants acted with evil motive and intent, as well as reckless and callous indifference to Plaintiff's federal constitutional rights.  Plaintiff is entitled to an award of punitive damages.

152.    Plaintiff is entitled to an award of attorney's fees pursuant to 42 USC 1988.

## COUNT IV

## ARKANSAS CIVIL RIGHTS ACT

153.    Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

154.    A warrantless entry into a private residence is presumptively unreasonable under the Fourth Amendment, and the burden is on the State to prove that the warrantless activity was reasonable.

155.    Plaintiff had a right under the Second Amendment of the Arkansas Constitution to be free from a warrantless entry into his home.  This right was clearly established prior to the conduct at issue in this case.

156.    Plaintiff had a right under Article 2 of the Arkansas Constitution to not be seized on the basis of false evidence.  This right was clearly established prior to the conduct at issue in this case.

157.    Plaintiff had a right under Article 2 of the Arkansas Constitution that law enforcement officers had a duty to conduct a reasonably thorough investigation prior to arresting Plaintiff.  This right was clearly established prior to the conduct at issue in this case.

158.    Plaintiff had a right under Article 2 of the Arkansas Constitution that law enforcement officers cannot ignore plainly exculpatory evidence when making the arrest decision. This right was clearly established prior to the conduct at issue in this case.

159.    Plaintiff had a right under Article 2 of the Arkansas Constitution that law enforcement officers have a duty to conduct a reasonably thorough investigation prior to

arresting a suspect. This right was clearly established prior to the conduct at issue in this case.

160.    Probable cause does not exist when a minimal further investigation would have exonerated the suspect.

161.    Plaintiff had a right under the Article 2 of the Arkansas Constitution that law enforcement officers have a duty to investigate basic evidence prior to arrest.  This right was clearly established prior to the conduct at issue in this case.

162.    Plaintiff had a right under Article 2 of the Arkansas Constitution to be free from malicious prosecution.  This right was clearly established prior to the conduct at issue in this case.

163.    Plaintiff had a right under Article 2 of the Arkansas Constitution to obtain a fair criminal proceeding.  This right was clearly established prior to the conduct at issue in this case.

164.    Plaintiff had a right under Article 2 of the Arkansas Constitution to obtain a fair criminal proceeding before being denied his liberty.  This right was clearly established prior to the conduct at issue in this case.

165.    Plaintiff had a right under Article 2 of the Arkansas Constitution to not have false evidence used against him as the basis for a criminal proceeding.  This right was clearly established prior to the conduct at issue in this case.

166.    Plaintiff had a right under Article 2 of the Arkansas Constitution to not have false testimony used against him as the basis for a criminal proceeding.  This right was clearly established prior to the conduct at issue in this case.

167.      Plaintiff had a right under Article 2 of the Arkansas Constitution to refuse or terminate a voluntary encounter with the police. This right was clearly established prior to the conduct at issue in this case.

168.      Plaintiff, as a parent, had a right under Article 2 of the Arkansas Constitution to make decisions concerning the care, custody, and control of his children. This right was clearly established prior to the conduct at issue in this case.

169.      Plaintiff, as a parent, had a right under Article 2 of the Arkansas Constitution to access to his children. This right was clearly established prior to the conduct at issue in this case.

170.      Plaintiff, as a parent, had a right under Article 2 of the Arkansas Constitution to raise his children without undue interference from the government. This right was clearly established prior to the conduct at issue in this case.

171.      Plaintiff had a right under Article 2 of the Arkansas Constitution to refuse or terminate a voluntary encounter between the police and his son. This right was clearly established prior to the conduct at issue in this case.

172.      Plainitff had a right under the Arkansas Constitution to be free from retaliation for exercising his constitutional rights. This right was clearly established prior to the conduct at issue in this case.

173.      Defendants acted under color of law to deprive Plaintiff of the rights, privileges, and immunities secured by the Arkansas Constitution identified above.

174.      Defendants shall be held liable to Plaintiff pursuant to Ark. Code Ann. 16-123-105.

175.      Defendants shall be held liable to Plaintiff pursuant to Ark. Code Ann. 16-123-108.

176.      Plaintiff is entitled to recover his costs of litigation and a reasonable attorney's fee.

## COUNT V

### MALICIOUS PROSECUTION – ARKANSAS STATE LAW

177.     Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

178.     Defendants caused criminal proceedings to be initiated against Plaintiff by arresting Plaintiff.

179.     The criminal proceeding was terminated in Plaintiff's favor.

180.     Defendants did not have probable cause for initiating the proceedings.

181.     Defendants acted with an improper or sinister motive in initiating the proceedings against Plaintiff.

182.     Defendants' actions were a proximate cause of Plaintiff's damages.

183.     Defendants' actions were intentional.

184.     Defendants knew, or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in damages and Defendants continued such conduct in reckless disregard of the consequences form which malice may be inferred.

185.     Plaintiff is entitled to nominal damages, compensatory damages, mental anguish, loss of dignity, and other intangible injuries.

186.     Plaintiff is entitled to punitive damages.

187.     Plaintiff is entitled to attorney's fees.

## COUNT VI

## ABUSE OF PROCESS – ARKANSAS STATE LAW

188. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

189. Defendants set in motion a legal proceeding directed at Plaintiff.

190. The proceeding was used to accomplish an ulterior purpose for which it was not designed.

191. Defendants willfully used process in a manner not proper in the regular conduct of the proceeding.

192. Defendants' actions were intentional.

193. Defendants knew, or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in damages and Defendants continued such conduct in reckless disregard of the consequences form which malice may be inferred.

194. Plaintiff is entitled to nominal damages, compensatory damages, mental anguish, loss of dignity, and other intangible injuries.

195. Plaintiff is entitled to punitive damages.

196. Plaintiff is entitled to attorney's fees.

197. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully prays for the following relief:

a. For compensatory damages in an amount not less than the jurisdictional minimum of this Court;

b. For exemplary and punitive damages;

c.  For declaratory relief;

d.  For injunctive relief;

e.  For prejudgment interest; and

f.  For costs of suit, attorneys' fees, and such other and further relief as the Court shall

    deem appropriate.

Respectfully submitted,

Kevin Lemley
Kevin Lemley Law Partners
Kevin M. Lemley (2005034)
Madison Cameron (2017168)
Lauren Scroggins (2022201)
206 Plaza Blvd, Suite F
Cabot, AR 72023
lawsuits@lemley-law.com
(501) 512-0098 (voicemail only)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on this __th day of _____, 2025, I electronically filed the foregoing with the Court's CM/ECF System, which shall send notification of such filing to counsel of record in this case.

Kevin Lemley
Kevin M. Lemley

23