**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

JEREMY SHERLAND                                                                          PLAINTIFF

V.                                                    CASE NO.  5:25cv5084-TLB

TREVOR HAMMONS, individually and in his
official capacity as police officer; MICHAEL CALICO,
individually and in his official capacity as police officer;
PAYTON CAMPBELL, individually and in his official
capacity as police officer; and CITY OF TONTITOWN                      DEFENDANTS

**BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
DEFENDANTS CALICO, CAMPBELL, and HAMMONS ON PLAINTIFF'S
FOURTH AMENDMENT CLAIMS**

At issue is whether Defendants are liable for a warrantless entry into Mr. Sherland's

home to effect a warrantless arrest when no exigent circumstances existed.

**FACTS**

On April 20, 2023, Emma Zemcuznikov was a teacher's aid at Har-Ber High School.

She claimed to have heard Z.S. say that Jeremy Sherland pierced his ear when Jeremy Sherland

was drunk and put Z.S. in a chokehold.  Defendants never met with Ms. Zemcuznikov or

investigated her background.

On April 20, 2023, Defendants arrived at Mr. Sherland's house regarding the complaint

started by Ms. Zemcuznikov.  Body camera footage of the encounter is provided as Ex. 1 and Ex.

2.  Z.S.'s ear was visible during this encounter. Z.S.'s ear was not red or infected on April 20,

2023. Both Plaintiff and Z.S. explained that Z.S. had requested the ear piercing.  Mr. Sherland

exercised his constitutional right to end the voluntary encounter with Defendants.  Defendants

explained they would go get a warrant. Defendants left Mr. Sherland's residence.

1

Defendants met with the prosecuting attorney. Defendants told the prosecuting attorney that Z.S.'s ear had recently been pierced against his will in Tontitown. The prosecuting attorney advised Defendants they could arrest Mr. Sherland for the ear piercing.

Defendants did not get a warrant or attempt to get a warrant. Instead, they returned to Mr. Sherland's home. Defendants performed a warrantless entry into Mr. Sherland's residence and executed a warrantless arrest against him. Defendants' actions are available on video. See Ex. 3. Defendants each provided written reports about their action. *See* Ex. 4. Home ear piercing kits are commonly sold in retail stores across the country. *See* Ex. 5.

Z.S.'s ear was pierced in December 2022 in a private residence in Van Buren County, Arkansas. *See* Ex. 6 and Ex. 7. Z.S. began attending Har-Ber High School in January 2023 and openly wore the ear ring. *Id*.

## STANDARD

Summary judgment is appropriate when there are no issues of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). Once the movant makes a prima facie showing, the opponent must set out specific facts showing that there is a genuine issue of fact for trial. *Id*.

## ARGUMENT

**I.      Mr. Sherland is Entitled to Summary Judgment on his Fourth Amendment Claims.**

On April 20, 2023, Defendants appeared at Mr. Sherland's residence. *See* Ex. 1 and Ex. 2. Mr. Sherland initially agreed to engage in a voluntary encounter with Defendants. Mr. Sherland then exercised his right to terminate the voluntary encounter. *Id*. Defendants left Mr. Sherland's residence and said they would get a warrant. *Id*. However, Defendants returned and entered Mr. Sherland's home to effect a warrantless arrest. *See* Ex. 3.

### A.    Defendants Committed a Warrantless Entry and Unlawful Arrest in Violation of the Fourth Amendment.

It has long been established that a warrantless entry or search of a private citizen's home is per se unreasonable in violation of the Fourth Amendment.  *U.S. v. Duchi*, 906 F.2d 1278, 1282 (8th Cir. 1990).  Even if an officer has probable cause for an arrest, the Fourth Amendment unequivocally prohibits a warrantless entry into a private citizen's home absent exigent circumstances.  *Rogers v. Carter*, 133 F.3d 1114, 1118-20 (8th Cir. 1998).  Physical entry into a private home is the "chief evil against which the wording of the Fourth Amendment is directed." *Fairchild v. Lockhart*, 675 F.Supp. 469, 484 (E.D. Ark. 1987).  Exigent circumstances are a narrow exception.  Defendants must show objectively that lives were threatened, a suspect's escape looms, or evidence is about to be destroyed.  *Duchi*, 906 F.2d at 1282; *Rogers*, 133 F.3d at 1119.  The *Rogers* court held that no reasonable officer could possibly have believed that exigent circumstances existed as a matter of law.  *Id*. at 1119-20.

A factually similar case is *Webster v. Westlake*, 41 F.4th 1004 (8th Cir. 2022).  School officials contacted DHS when a 7-year old appeared at school with bruises and an investigation was opened. *Id*. at 1008.  Law enforcement officers appeared at Webster's home and demanded access to the child.  *Id*.  Webster refused, and she was arrested without a warrant.  *Id*.  In affirming summary judgment for Webster, the court first turned to the Fourth Amendment analysis.  The court noted the officers could have obtained a warrant or a removal order.  *Id*. at 1011.  But no exigent circumstances existed, and they could not have lawfully entered the home or performed the arrest.  *Id*.  The court affirmed summary judgment for Webster.  *Id*.  at 1013.[1]

---

[1] *Webster* was issued almost a year before the incident at issue in this case.  Defendants had ample notice of *Webster* before the unlawful arrest of Mr. Sherland.

3

Specifically, the police in *Webster* argued they had a right to interview the minor and could arrest the parent for interfering with that right.  The *Webster* court explained this position is completely wrong:

> We disagree. Iowa Code § 232.71B(3)(a) imposes a duty on law enforcement to support the DHS and ensure child safety. It does not, however, impose any obligation on citizens. Nor does it abrogate a citizen's constitutional protections. Moreover, § 232.71B(3)(a) only allows law enforcement to take *lawful* actions to protect a child. So—and this almost goes without saying—the acts that officers can take to fulfill their duty are bound by the Constitution. This is not to say that law enforcement has no options. Court orders—such as warrants or removal orders—are lawful constitutional options.

*Id*. at 1011.  The Arkansas statutes are similar to the Iowa statutes in *Webster*.  The initial report from Ms. Zemcuznikov triggered the DHS investigation procedures pursuant to Ark. Code Ann. 12-8-601, et seq.  The investigative authority was vested in DHS and Arkansas State Police.  *See* Ark. Code Ann. 12-8-602.  If DHS had requested, they could have requested Defendants to accompany them during an investigation.  *See* Ark. Code Ann. 12-8-604.  Defendants themselves had no right to conduct the investigation or to be present.  *Id*.  DHS and Arkansas State Police had the right to interview Z.S. and to limit the persons to be present while Z.S. was interviewed.  See Ark. Code Ann. 12-8-608.  Defendants themselves had no right to interview Z.S. or to limit the persons to be present while Z.S. was interviewed.  *Id*.  DHS and Arkansas State Police had the right to enter Z.S.'s home or school to interview Z.S.  *See* Ark. Code ann. 12-18-609.  Defendants themselves had no right to enter Z.S.'s home or school to interview him.  *Id*.

No exigent circumstances existed in this case that have been recognized under Eighth Circuit precedent.  No one's lives were in danger.  Mr. Sherland was not attempting to escape.  There was no reason to believe any evidence was being destroyed.  The initial police encounter is displayed on Ex. 1 and Ex. 2.  Z.S. is standing right in front of the officers no more than a few feet away.  *See* Ex. 1 at 2:16 - 4:33; Ex. 2 at 2:12 - 3:50.  His ears are clearly visible and clearly

show no sign of redness, infection, or recent piercing. *Id*. There are no other signs of abuse. *Id*. When the officers ask Z.S. about the piercing, he laughs and explains that he wanted the piercing. *Id*. at 2:25 - 3:05; Ex. 2 at 2:20 - 3:04.

Several other factors are important. First, Mr. Sherland decides to end the voluntary police encounter, which he has a constitutional right to do. *See Webster*, 41 F.4th at 1012, citing *U.S. v. Mendenhall*, 446 U.S. 544, 553 (1980). Exercising a constitutional right cannot create exigent circumstances. Otherwise, the constitutional right would cease to exist. Second, all three officers left Mr. Sherland's residence before they later returned to perform a warrantless arrest. Research indicates no cases where exigent circumstances existed when the officers first chose to leave the scene. It defies common sense that Defendants could choose to leave the scene and later claim that exigent circumstances existed. Third, the officers specifically stated before they left that they were going to get a warrant. *See* Ex. 1 at 4:00 - 4:05; Ex. 2 at 4:00 - 4:05. Then at the conclusion of the encounter, the officers said they would submit the matter to the prosecutor to see if he would issue a warrant for Plaintiff's arrest. *See* Ex. 1 at 5:10 - 5:20; Ex. 2 at 5:09 - 5:15. By their own admission, the proper procedure was for the officers to leave and obtain a warrant, as is required by the Fourth Amendment. Defendant Calico states that this matter has been turned over to DHS. *See* Ex. 1 at 4:54 - 5:10. Fourth, all three officers submitted written reports about the incident. *See* Ex. 4. None of the reports stated anything that could be deemed exigent circumstances. *Id*. Fifth, the Defendants' encounter with Mr. Sherland and Z.S. should have made it readily apparent that the statement about the piercing was false. It is physically impossible for a middle-aged man (drunk no less) to hold down a 16-year old boy (who would be fighting back) with one arm, and at the same time with the other hand precisely

pierce the boy's ear. After seeing Mr. Sherland and Z.S. side by side, it was readily apparent it would have been physically impossible for Mr. Sherland to have accomplished the reported act.

Finally, it has been long recognized that the gravity of the offense for which the person is arrested is crucial to determine if exigent circumstances exist. *Greiner v. City of Champlin*, 27 F.3d 1346, 1353 (8th Cir. 1994). "It is difficult to conceive of a warrantless home arrest that would not be unreasonable under the Fourth Amendment when the underlying offense is extremely minor." *Id*., citing *Welsh v. Wisconsin*, 466 U.S. 740, 753 (1984). The Arkansas Supreme Court has explained: "When the government's interest is only to arrest for a minor offense, the presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate." *Butler v. State*, 309 Ark. 211, 215 (1992); s*ee also Norris v. State*, 338 Ark. 397 (1999). The alleged injury here, an ear piercing, is so minor as to border on the absurd. The statute at issue is Ark. Code Ann. 17-26-602(i)(1), which makes it a felony for a licensed artist to perform body art outside of a licensed facility. The harm the statute was designed to prevent was the location of the ear piercing, not the actual act of the ear piercing. Home ear piercing kits are commonly sold. *See* Ex. 5. There are no published opinions involving this statute. The alleged harm in this case is beyond trivial.

At the end of the day, Defendants deliberately violated the Fourth Amendment with the warrantless entry and warrantless arrest. They had plenty of time to obtain a warrant. They even told Mr. Sherland they would get a warrant when they first left his residence. There were no exigent circumstances under Eighth Circuit precedent. Defendants deliberately violated one of the most basic constitutional rights that American citizens enjoy.

**B.**      **The Prosecuting Attorney Cannot Direct a Warrantless Arrest, Nor Can He Make the Probable Cause Determination.**

For more than a century, it has been held that a prosecuting attorney has no power to direct a warrantless arrest, and any such action is a legal nullity. *Ex Parte Swift*, 276 F. 57, 58 (E.D. Mo. 1921). Moreover, it has long been held that prosecutorial judgment cannot satisfy the standard imposed by the Fourth Amendment. *Fairchild*, 675 F.Supp. at 477. The *Fairchild* court went on to explain that a prosecutor's responsibility to law enforcement is inconsistent with the constitutional role of a neutral and detached magistrate. *Id.* More importantly, the court observed that "probable cause for the issuance of an arrest warrant must be determined by someone independent of police and prosecution." *Id.* The court also observed that the reason probable cause is to be determined by a neutral magistrate is that "prosecutors and policemen simply cannot be asked to maintain the requisite neutrality with regard to their own investigations." *Id.* at 478.

Arkansas state law is the same. The prosecuting attorney is a quasi judicial officer, and it is illegal for him to delegate the decision to begin criminal proceedings against a defendant. *Johnson v. State*, 199 Ark. 196, 204 (1939). Similarly, it is unlawful for a judge to delegate judicial powers to law enforcement. *Brock v. Eubanks*, 102 Ark. App. 165, 169 (2008).

Defendants cannot rely on the advice of the prosecuting attorney. The case law was clearly established that the prosecuting attorney cannot direct a warrantless arrest and cannot make the probable cause determination. The prosecuting attorney could have filed an Information against Mr. Sherland, but he did not. Once the prosecuting attorney helped Defendants identify a possible statute that had been violated, Defendants had a duty to seek a warrant from a detached, neutral magistrate. They failed to do so.

7

Moreover, Defendants provided false information to the prosecutor in seeking the advice. They falsely told the prosecutor that the ear piercing had recently occurred against Z.S.'s will within the jurisdiction of Tontitown.  All these statements were false.  This is akin to obtaining a warrant based upon an affidavit containing false information, which violates the Fourth Amendment.  *Bagby v. Brondhaver*, 98 F.3d 1096, 1098 (8th Cir. 1996).  Defendants also failed to present or obtain any evidence about Ms. Zemcuznikov.  When a warrant is sought based upon hearsay, Defendants were required to set forth facts about Ms. Zemcuznikov's reliability and how the information was obtained.  *Stanton v. State*, 344 Ark. 589, 594 (2001).  Defendants failed to obtain this information or present it to the prosecutor.

**C.      Defendants' Inadequate Investigation Violated the Fourth Amendment.**

Defendants had a duty to conduct a reasonably thorough investigation prior to arresting Mr. Sherland.  *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999).  Defendants were not allowed to close their eyes to facts that could clarify the circumstance of arrest.  *Id*.  And Defendants could not ignore plainly exculpatory evidence in the arrest.  *Id*. at 651.

A warrantless arrest prompted by notice from one officer to another is unconstitutional unless the arresting officer is able to make an independent finding of probable cause, or the arresting officer is working closely with the officer who made the initial probable cause determination.  *Furlow v. Belmar*, 52 F.4th 393, 404-05 (8th Cir. 2022).  The duty to investigate was recently discussed at length in *O'Hara v. Lott*, 2025 U.S. Dist. LEXIS 172383 *18 - 27 (E.D. Mo. Sept. 4, 2025).  The *O'Hara* court found the arresting officer lacked probable cause for the arrest because (1) the arresting officer did not possess any actual facts to corroborate the first officer's statement, (2) the arresting officer failed to make an independent finding of

probable cause; and (3) law enforcement would not have been unduly hampered if the officer had obtained more information prior to arrest. *Id*. at *23 - 27.

When Defendants encountered Mr. Sherland and Z.S., they failed to obtain any information to corroborate the initial report from Ms. Zemcuznikov. It was readily apparent that Z.S.'s ear had not been recently pierced. *See* Ex. 1 and 2. Z.S. informed them that he had requested the ear piercing. *Id*. The only fact they corroborated was that the piercing had occurred. This was not enough to corroborate the initial report.

Defendants then failed to make an independent finding of probable cause. They failed to obtain warrants for further investigation, and they failed to let DHS proceed with their investigation. As discussed in *Webster*, 41 F.4th 1004, *supra*, Defendants had no right at this point to interview Z.S. Mr. Sherland had the right to terminate the encounter with Defendants, but he would not have had the right to deny access to DHS and Arkansas State Police. Defendants were unable to make an independent finding of probable cause. Instead, they violated the Fourth Amendment by first arresting Mr. Sherland so they could develop probable cause. This is specifically prohibited by the Fourth Amendment.

Defendants failed to even learn where or when the ear piercing occurred prior to arrest. This is crucial because the ear piercing occurred in Van Buren County, outside of their jurisdiction. Defendants never even bothered to ask Mr. Sherland where or when the ear piercing occurred. Additionally, the piercing occurred several months earlier in December 2022. Defendants ignored the plainly exculpatory evidence that Z.S.'s ear had not recently been pierced. Defendants also ignored the plainly exculpatory evidence that Z.S. told them he wanted the ear piercing prior to Defendants arresting Mr. Sherland without a warrant.

D.      **Defendants' Actions Constituted Malicious Prosecution.**

A federal claim for malicious prosecution is actionable under the Fourth Amendment. *Klein v. Steinkamp*, 44 F. 4th 1111, 1115 (8th Cir. 2022). Mr. Sherland must show (1) the criminal proceeding was instituted without probable cause, (2) the defendant's motive in instituting the proceeding was malicious, and (3) the prosecution terminated in acquittal or discharge of Mr. Sherland. Id.

It is also appropriate for the Court to turn to state law. Id. Under Arkansas law, a plaintiff must prove (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceedings; (4) malice on the part of the defendant; and (5) damages. *Benedetto*, 2009 Ark. App. 825 at 3. Malice is defined as any improper or sinister motive for instituting the legal action. *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 32 (1989). Malice is inferred from the lack of probable cause. *Thomas*, 76 Ark. App. at 40.

Defendants had no probable cause to arrest Mr. Sherland. Defendants never learned, or even attempted to learn, where or when the ear piercing occurred. The piercing occurred several months before outside Defendants' jurisdiction. Mr. Sherland was arrested, but the case terminated in his favor. The absence of probable cause establishes malice. Moreover, Defendants used the arrest for the ulterior purpose to gain access to Z.S. Mr. Sherland was clearly damaged, as he was arrested and unlawfully detained.

## CONCLUSION

For the reasons stated above, Mr. Sherland is entitled to judgment as a matter of law on his Fourth Amendment claims. The motion for partial summary judgment should be granted.

10

Respectfully submitted,

Kevin Lemley
Lemley Law Partners
Kevin M. Lemley, #2005034
206 Plaza Blvd., Suite F
Cabot, AR  72023
(501) 512-0098
lawsuits@lemley-law.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of January, 2026, I electronically filed the foregoing with the Court's CM/ECF System, which shall send notification of such filing to counsel of record in this case.

Kevin Lemley
Kevin M. Lemley