## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

JEREMY SHERLAND                                                    PLAINTIFF

V.                          CASE NO. 5:25-cv-05084-TLB

TREVOR HAMMONS, individually and in his
official capacity as police officer; MICHAEL CALICO,
individually and in his official capacity as police officer;
PAYTON CAMPBELL, individually and in his official
capacity as police officer; JOHN DOE 1, individually and
in his official capacity as police officer; JOHN DOE 2,
individually and in his official capacity as police officer;
and CITY OF TONTITOWN                                              DEFENDANTS

### BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS AND REQUEST TO VACATE OR AMEND THE CURRENT SCHEDULING ORDER

COMES NOW, Separate Defendant Michael Calico ("Calico"), by and through his attorney, Jenna Adams, and for his Brief in Support of the Motion to Stay Proceedings and Request to Vacate or Amend the Scheduling Order herein states:

### BACKGROUND

On July 1, 2025, this Court held a Case Management hearing in this case. Undersigned counsel informed the Court that Calico was a member of the United States Army and was set to deploy in or around November 2025, which might affect his ability to participate in this lawsuit and the deadlines set forth by the Court. Undersigned counsel was informed to remind the Court at a later time should Calico's deployment become an issue with the scheduling order and defense of the case.

Calico deployed with the United States Army to Africa as of November 13, 2025, and is scheduled to remain deployed overseas until around September 15, 2026. Calico's deployment status hinders his ability to meaningfully join the action at the present time. He now moves to stay

1

all proceedings to allow him an opportunity to participate in his defense, including participating in discovery, filing a dispositive motion, and attending any trial in this case.

## **AUTHORITY & ARGUMENT**

The Servicemembers Civil Relief Act ("SCRA") "is a federal statute that allows military members to suspend or postpone some civil obligations so the military member can devote his or her full attention to military duties." *Stoglin v. Su.,* 2024 WL 5689696, at *4 (D. Minn. Oct. 30, 2024) (citing *Donahou v. Presidential Limousine & Auto Sales*, 2007 WL 1229342, at *2 (W.D. Ark. Apr. 24, 2007)); 50 U.S.C. § 3901 *et seq.* The SCRA provides two distinct statutory mechanisms for seeking a stay of civil proceedings: 50 U.S.C. §§ 3931 and 3932. The applicability of either section turns on whether the servicemember has made an appearance in the action or has otherwise received actual notice of the proceedings. *See* 50 U.S.C. § 3931(a), (f). While the procedural requirements under the two provisions differ slightly, the substantive relief afforded— a stay of proceedings to protect the servicemember's rights—remains equivalent. Calico respectfully submits that he meets the criteria for a stay under 50 U.S.C. § 3932.

"Under § 3932, a court *may* on its own motion—and *shall*, upon application by a servicemember—stay a civil action '[a]t any stage before final judgment' provided that the servicemember provides certain information to the court." *Carrelo v. Keystone RV Company*, 2024 WL 3732463, at *4 (E.D. Va. Aug. 6, 2024) (citing 50 U.S.C. § 3932(b)(1)) (emphasis in original); *see also Collette v. Robinson*, 2023 WL 3171565, at *1 (W.D. Ark. Apr. 13, 2023) (Report and Recommendation of Hon. Christy Comstock) (adopted in its entirety by Hon. P.K. Holmes, No. 5:22-CV-5216, Doc. No. 43). Courts have found that a stay is generally warranted where the servicemember is deployed overseas, the deployment is involuntary, leave is not authorized, and the servicemember has demonstrated a good-faith effort to remain engaged in the litigation.

2

*Carrelo*, at *4 (citing *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 648–49 (D. Minn. 2002) (collecting cases)).

Where a servicemember has received notice of a civil proceeding and is in active military service, two statutory conditions must be satisfied before a stay may be granted pursuant to 50 U.S.C. § 3932(a). First, the servicemember must submit a letter or other communication that sets forth (1) facts demonstrating how current military duties materially affect the ability to appear, and (2) a specific date on which the servicemember will be available to appear. 50 U.S.C. § 3932(b)(2)(A). Second, the servicemember must provide a separate letter or communication from his commanding officer stating that military duties prevent the servicemember's appearance and that leave is not authorized at the time of the letter. 50 U.S.C. § 3932(b)(2)(B).

Calico is currently serving on active duty and is eligible to seek relief under Section 3932. His own letter, together with that of his commanding officer, confirms that he is presently deployed to Africa in connection with his military obligations. *See* **Exhibits A** (Calico's Communication) & **Exhibit B** (Commanding Officer). He departed for deployment on November 13, 2025, and is scheduled to return on September 15, 2026. *See* **Exhibit C** (Deployment Orders). Given that Calico's military service currently prevents his appearance, leave is not authorized, and that he will be unable to meaningfully participate in this action for nearly seven months, he respectfully requests that the Court stay all proceedings through September 15, 2026. *See Collette*, 2023 WL 3171565, at *2 ("this Court is persuaded that nothing less than a stay for the length of Defendant['s] deployment is appropriate . . . this Court recommends that the proceedings be stayed as to Defendant [] until 60 days after the conclusion of his current active-duty assignment.").

The proposed stay is necessary because Calico is unable to actively participate in litigation as this time. Plaintiff has served Calico with discovery requests and Calico is unable to respond at

3

this time due to lack of reliable access to internet/phone calls to consult with his attorney, as well as lack of access to his files related to this case. Additionally, not only is Calico a Defendant in this case, but he is a necessary witness for purposes of summary judgment and trial. Since the current deadline for discovery is March 2, 2026, the deadline for dispositive motions is March 9, 2026, and the trial is scheduled for July 20, 2026, Calico will be unavailable to participate in the defense of this matter. Accordingly, a stay of proceedings through September 15, 2026, is appropriate and consistent with the protections afforded to deployed servicemembers under the SCRA.

WHEREFORE, Separate Defendant Calico respectfully requests that the Court grant a stay of all proceedings under 50 U.S.C. §§ 3931 or 3932 until September 2026, vacate or modify the existing Scheduling Order to reflect the stay, and grant such other relief as is just and proper.

Respectfully submitted,

**DEFENDANT, Michael Calico**

By: /s/ Jenna Adams
JENNA ADAMS, Ark. Bar No. 2015082
P.O. BOX 38
NORTH LITTLE ROCK, AR 72115
TELEPHONE (501) 978-6115
FACSIMILE (501) 978-6558
EMAIL: jenadams@arml.org

4